# EDWARDS ANGELL PALMER&DODGE LLP

111 Huntington Avenue Boston, MA 02199   617.239.0100   *fax* 617.227.4420   eapdlaw.com

Gary Lieberman
617.235.5305
*fax* 866.204.4437
glieberman@eapdlaw.com

April 19, 2010

**VIA E-MAIL**

Honorable James Gwin
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

> Re:   Rami Awad v. National City Bank, et al.
>        C.A. No. 1:09-CV-0261

Dear Judge Gwin:

Defendants National City Bank, PNC Financial Services Group (the "Bank") and Nancy Malta ("Malta") (collectively "Defendants") write this letter in response to Plaintiff Rami Awad's ("Plaintiff" or "Awad") Rule 37.1 letter alleging discovery deficiencies. Plaintiff's claims that Defendants responses have been deficient, or that Plaintiff will be prejudiced at trial, are baseless. Foremost, Defendants have fully responded to each and every one of Plaintiff's discovery requests, and made a good faith effort to resolve any alleged deficiencies. For instance, as explained in detail below, Plaintiff simply failed to cooperate in the discovery process for months and did not respond to Defendants offer to provide reasonable search parameters for the available e-mails. When it was apparent to Defendants that Plaintiff was not planning on cooperating, and the discovery deadline was nearing, we searched the requested e-mails based on an expansive list of search terms, and provided to Plaintiff over 29,000 pages of e-mails and attachments. Plaintiff's claims that Defendants' discovery responses are deficient, as the trial date nears, are groundless, in light of the fact that he refused to cooperate for months.

Moreover, the vast majority of the discovery items that Plaintiff claims are outstanding have absolutely no relevance to Awad's remaining claims, retaliatory discharge and hostile work environment. The Court's Order and Opinion on Defendants' Motion for Summary dismissed Awad's discrimination and disparate treatment claims (non-promotion, Series 6, on-the-job disciplinary actions). Plaintiff's claim that this alleged outstanding information will "assist Plaintiff in demonstrating that, before filing his first EEOC charge, he held a reasonable belief that Defendants engaged in discriminatory conduct to him" lacks any support. Whether Awad believed he was discriminated against, or whether his EEOC charge had merit, is not relevant to whether he engaged in protected activity (an element of his *prima facie* case in his retaliatory discharge claim). *Jeffries v. Wal-Mart Stores, Inc.* ,15 Fed. App'x 252, 260 (6th Cir. 2001). It is undisputed that Awad filed a charge of discrimination with the EEOC on February 15, 2007

EDWARDS ANGELL PALMER&DODGE llp

and Defendants readily admit that the filing of the charge is protected conduct.[1] The merits of Awad's discrimination claims, or whether he held a reasonable belief he was discriminated against, are not relevant to his remaining claims.

A.   Defendants' Furnished Plaintiff With Responsive E-Mails Based An Extensive List Of Search Parameters (Plaintiff Document Request Nos 6, 7, 18 and 23.

In discussing Plaintiff's request for e-mails of various individuals involved in the case, he omits and distorts several communications between the parties.   On December 21, 2009, after Defendants informed Plaintiff that the requested hard drives of Awad, Nancy Malta and Lawrence Feder were no longer available, it invited Plaintiff to discuss reasonable search parameters of the e-mails retrievable under National City Corporation's document retention policy.  Plaintiff did not respond to Defendants' request. After Defendants retrieved the e-mails that were available under the document retention policy, on February 8, 2010, Defendants again requested that Plaintiff cooperate by providing reasonable search parameters and even suggested several terms.[2]  Again, Plaintiff did not respond to Defendants' request to cooperate in providing any search parameters.

Thereafter, on March 18, 2010, Defendants again requested that Plaintiff cooperate in the discovery process by providing reasonable search parameters of the e-mails.  The retrievable e-mails of Plaintiff, Malta, Feder and Vincent Panucci (requested by Plaintiff on March 11, 2010) generated over 500,000 pages of documents, many of which were not relevant or responsive to Plaintiff's claims.  On March 26, 2010, as it was clear to Defendants that Plaintiff was not willing to cooperate in discussing reasonable search parameters, and the discovery deadline was nearing, Defendants used an expansive list of thirty-three search parameters, enclosed as Exhibit 1.  The search generated over 9,000 e-mails, and after customer information was redacted, on April 12, 2010, Defendants provided Plaintiff with over 29,000 pages of documents (many of which are no longer relevant to Plaintiff's remaining claims).

On March 29, 2010, over three months after Defendants initial request was made to Plaintiff to discuss reasonable search terms, Plaintiff finally submitted a list of proposed search terms.  A complete and accurate copy of the search terms submitted by Plaintiff on March 29, 2010, is attached as Exhibit 2.  Many of the search terms belatedly submitted by Plaintiff were on the search parameters used by Defendants in retrieving and producing the e-mails.

---

[1] *See* Parties' Joint Proposed Stipulation and Order, to be filed on April 19, 2010.  Further, the Defendants intend to file a motion in *limine* seeking to bar Plaintiff from testifying or introducing evidence of claims dismissed by the Court on Defendants' Motion for Summary Judgment, including his discrimination claim.

[2] The initial terms suggested by Defendants' were "Series / Series 6, Sponsorship, Palestinian, Muslim, Arab, Promotion, LFC / Licensed Financial Consultant, RDP / Retail Development Program and Credit Analyst."  The search terms ultimately used by Defendants was much more expansive and contained over thirty terms.  *See* Exhibit 1.

EDWARDS ANGELL PALMER&DODGE LLP

Page 3

In short, Plaintiff waited three months and failed to cooperate in the discovery process and did not provide the available search terms. Plaintiff's request to produce all the e-mails during this period of the individuals requested is not reasonable as the vast majority of those e-mails are simply not relevant to his claims. Any claim by Plaintiff that he is prejudiced by Defendants' production of e-mails sent on April 12, 2010, is not persuasive, as he would have received the production earlier if he had cooperated in the discovery process beginning on December 21, 2009.

B.     **Plaintiff's Comparator Information Regarding the Series 6 Examination, Sales Records Of Others At The Wexford Branch, His January 31, 2007 Probation, Or The Personnel Files Of The Over 80 Positions He Applied For, Were Either Provided Or Not Relevant To Plaintiff's Remaining Claims**

Plaintiff, in his Rule 37 letter, devotes considerable attention to comparator information regarding his dismissed claims that he was denied sponsorship to the Series 6 examination, that the January 31, 2007 probation he received was discriminatorily based and that he was denied promotions. For instance, on page 8 of his letter, Plaintiff writes, "Plaintiff alleges in his Amended Complaint that National City discriminatorily denied him various positions for which he applied." As discussed above, these claims have been dismissed by the Court and whether Awad believed his claims, or whether his claims have merit, have no relevance in his retaliatory discharge claim.

Regardless, Defendants have produced the sales records for all of the individuals on Awad's investment team, the disciplinary actions taken against others on his investment team and personnel records of the individuals selected for the positions he claimed he was denied at his deposition.

C.     **Plaintiff's Payroll Records Contain The Commissions He Received during His Employment**

Plaintiff's claim that Defendants failed to provide information related to the commissions that he received as an employee of National City is simply erroneous. Defendants have provided Plaintiff's complete payroll records which contain all the commissions he earned as an employee at National City.

# EDWARDS ANGELL PALMER&DODGE llp

Page 4

**D.    Defendants Have Provided Relevant Information Regarding Other Individuals Investigated For Opening Accounts Without Customer Authorization**

First, Plaintiff's request to provide the name and contact information of every employee who was in possession of an unsigned signature is not relevant, nor would it lead to discoverable information.  Plaintiff was not terminated for possessing an unsigned signature card.  He was terminated for opening accounts without a customer signature.

Contrary to Plaintiff's claim, Defendants have provided three (not two) instances of individuals who were terminated for opening an unauthorized account.  Defendants searched its investigative files in Pennsylvania and Ohio, the states in which Awad worked for a reasonable time period.  Plaintiff's request for a nationwide search over a six year period is unreasonable and would require Defendants to pull, and review thousands of investigative files across the country.

Should you have any questions, please contact me.

Kindly,

Gary J. Lieberman

Enclosure

cc:    Karen Giffen and Paul Castillo, Giffen & Kaminski
       Don Screen, Subodh Chandra, Romin Iqbal, Counsel for Plaintiff Rami Awad